UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KENNETH TYRELL WINSLOW,
Plaintiff,
v.
UNITED HEALTH CARE,
Defendant.

Case No.: 3:26-cv-5682-CAB-GC

**ORDER:**
**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2]; and**

**(2) DENYING MOTION TO ELECTRONICALLY FILE DOCUMENTS, [Doc. No. 3].**

Pending before the Court is a civil complaint, a motion to proceed in forma pauperis ("IFP"), and a motion to electronically file documents by Kenneth Tyrell Winslow ("Plaintiff"). [Doc. No. 1 ("Complaint"); Doc. No. 2; Doc. No. 3.]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C.

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). To satisfy the requirements of § 1915(a), "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). Here, Plaintiff submitted a financial affidavit which states he had no income and no expenses for the last twelve months. [Doc. No. 2.] The Court finds it implausible that Plaintiff has not received *any* income or benefits, or had any expenses, in the prior twelve months. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP.

To proceed with the case, by **December 1, 2026**, Plaintiff must either pay the required filing fee *or* file a new motion to proceed IFP which accurately accounts for income and expenses or explains how Plaintiff has had no expenses in the last twelve months.[2] If the Plaintiff fails to do so by that date, the Clerk of the Court is directed to dismiss this action without prejudice and close the case.

///

///

///

///

///

///

///

---

[2] Should Plaintiff file a new motion to proceed IFP that is granted by the Court, the Court is required to screen the Complaint and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). The current Complaint would be subject to dismissal for failure to state a claim because it does not allege sufficient facts regarding the alleged "unauthorized enrollment" or even basic facts such as what happened, when, and who was responsible. [Complaint at 5.] Nor does the Complaint allege any facts to justify this Court's diversity or federal question jurisdiction.

The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion to electronically file documents, [Doc. No. 3], because he has not submitted the required information and affirmations required by this District to do so. The Clerk of the Court shall provide Plaintiff a copy of this District's Motion for Leave to Electronically File Documents.

It is **SO ORDERED**.

Dated: October 27, 2026



Hon. Cathy Ann Bencivengo
United States District Judge